374

ment to the instant case and baldly declares that giving Appellant "more than twenty-four hours" notice was sufficient.[1] Contrary to the majority, I do not believe that giving Appellant little more than one day's notice that the Commonwealth would be introducing victim impact testimony satisfies due process requirements, particularly in a capital sentencing proceeding where the life of the defendant hangs in the balance. Furthermore, by concluding that notice was sufficient in the instant case, the majority seriously undermines its mandate that future capital defendants must be notified prior to trial of the Commonwealth's intent to introduce victim impact evidence. Thus, I dissent from that part of the majority opinion affirming Appellant's sentence of death.

773 A.2d 757

**AMERICAN RE CORPORATION, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Insurance Department, and M. Diane Koken, Insurance Commissioner, in her official capacity, Respondents.**

Supreme Court of Pennsylvania.

May 9, 2001.

---

1. As the majority indicates, at the conclusion of the guilt phase, at 3:00 p.m. on November 10, 1997, the Commonwealth notified Appellant that it intended to present victim impact testimony in the penalty phase. The penalty phase was scheduled to commence the morning of November 12, 1997, as the intervening day was a holiday. A few hours after the conclusion of the guilt phase, the Commonwealth provided Appellant with a copy of the victim impact statement.

## *ORDER*

PER CURIAM:

AND NOW, this 9th day of May 2001, the Appeal from the Order of the Commonwealth Court is hereby dismissed as moot.

773 A.2d 757

**PENNSYLVANIA STATE BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL–CIO, and Central Pennsylvania Building Trades Council**

v.

**PREVAILING WAGE APPEALS BOARD,**

**Petition of Commonwealth of Pennsylvania, Department of Labor And Industry, Bureau Of Labor Law Compliance, Intervenor @ 120 MAL 2001,**

**Petition of Pennsylvania National Mutual Casualty Insurance Company, Intervenor, @ 121 MAL 2001.**

Supreme Court of Pennsylvania.

June 1, 2001.

## *ORDER*

PER CURIAM:

**AND NOW,** this 1st day of June, 2001, the Petitions for Allowance of Appeal are hereby **GRANTED.** Furthermore, Petitioner Department of Labor and Industry's "Application for Relief" is hereby **GRANTED.** The Prothonotary is hereby ordered to set an expedited argument and briefing schedule. Finally, Petitioner/Intervenor Pennsylvania National Mu-